**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MARTEZ TERRAIL POWELL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIV-13-120-R** |
| | ) | |
| CLEVELAND COUNTY JUSTICE | ) | |
| CENTER, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violation of his civil

rights with regard to his detention at the Cleveland County Detention Center.  Pursuant to 28

U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M.

Purcell for preliminary review.  On February 13, 2013, Judge Purcell issued a Report and

Recommendation wherein he recommended that the petition be dismissed upon filing

pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B).  The matter is currently before the

Court on Petitioner's February 19, 2013 letter, which the Court construes as an objection to

the Report and Recommendation.  Having considered Plaintiff's objection, the Court finds

as follows.[1]

Plaintiff filed this action alleging he has suffered mental and emotional distress as a

result of derogatory racial terms used by other detainees at the jail to address Plaintiff and

---

[1] Plaintiff has also sent a letter on February 28, 2013 seeking forms to appeal Judge Purcell's decision. Therein, however, Plaintiff does not indicate any additional basis for objecting to the Report and Recommendation.  Since that date he has not filed anything with the Court.

his cellmate. Plaintiff asserts that the staff of the detention center have failed to stop the verbal abuse. Judge Purcell reviewed Plaintiff's allegations, including allegations contained in a February 11, 2003 letter to the Court, and concluded that Plaintiff had failed to state a claim for violation of his constitutional rights. Judge Purcell noted that Plaintiff, as a pretrial detainee, is afforded protection by the Fourteenth Amendment under the standards established for Eighth Amendment claims pressed by persons incarcerated following conviction. He further noted that Plaintiff had failed to allege that he was incarcerated under conditions posting a substantial risk of serious harm, or that jail officials were deliberately indifferent to his health or safety.

In his objection Plaintiff contends that Judge Purcell erroneously concluded that he lacks a claim. He contends he was put into segregation when he responded physically to someone using a racial slur against him. Plaintiff's contention that he retaliated physically against someone because that person used a racial slur does not support his Fourteenth Amendment claim.

Having reviewed the Report and Recommendation and the objection thereto, the Court finds no basis in the objection for rejecting or modifying the Report and Recommendation in any manner. As noted, Plaintiff's allegations are insufficient to state a claim. *See Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979) (verbal abuse alone is not actionable under § 1983); *see also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (same) (quoting *Collins*, 603 F.2d at 827); *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987) (use of derogatory racial epithets does not violate Fourteenth Amendment); *Black Spotted Horse v.*

*Else*, 767 F.2d 516, 517 (8th Cir.1985) (use of racial slurs only violates Fourteenth Amendment if coupled with physical force or other egregious conduct).

The only other issue raised by any of Plaintiff's filings is his allegation that detainees are forced to urinate in the shower.  This allegation is similarly not sufficient to state a claim for the violation of his constitutional rights.

Accordingly, the Report and Recommendation is hereby ADOPTED IN ITS ENTIRETY, and this action is DISMISSED WITHOUT PREJUDICE for failing to state a claim.

IT IS SO ORDERED this 11th day of March, 2013.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE